## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) T.D. WILLIAMSON, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 20-cv-00571-GKF-JFJ** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **(1) FEDERAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## COMPLAINT

Plaintiff T.D. Williamson, Inc. ("TDW"), by and through its undersigned attorneys, complain against Defendant Federal Insurance Company ("Federal") as follows:

## NATURE OF THE ACTION

1.      This is an insurance coverage action involving the wrongful refusal by Federal to honor its contractual obligations, under a directors and officers liability ("D&O") policy that Federal issued to TDW (the "Federal Policy"), to: (i) pay the costs of defending certain members of TDW's board of directors (collectively, the "Defendant Directors") against a lawsuit pending against them in the District Court of Tulsa County, Oklahoma styled *Richard B. Williamson v. Donald E. Powell, et al*., Case No. CJ-2016-03196 (the "Lawsuit"); and (ii) indemnify the Defendant Directors and/or TDW (collectively, the "Insureds") for the monetary amounts of any settlements or judgments that may ultimately arise from the Lawsuit.

2.      Federal's wrongful refusal to honor its contractual obligations to the Insureds purportedly is based on a single defense to coverage -- the so-called "Insured versus Insured"

1

4824-4136-7505 v.1

exclusion (the "IVI Exclusion") in the Federal Policy.  Federal asserts that the IVI Exclusion precludes coverage for the Lawsuit – including Federal's broad duty to defend the Defendant Directors – because the Lawsuit was brought by Richard B. Williamson ("Williamson"), a director of TDW, against other directors of TDW.  However, Federal entirely and improperly ignores an expressly stated exception to the IVI Exclusion for any claim brought "as a securityholder derivative action."  Because the claims in the Lawsuit are pled alternatively as "derivative claims," and two judges adjudicating the Lawsuit have held that at least some of the claims in the Lawsuit are derivative in nature, Federal's refusal to pay the costs of defending the Defendant Directors against the Lawsuit (collectively, "Defense Costs") constitutes a breach of its duty to defend the Directors under the plain terms of the Federal Policy, and its refusal to indemnify the Insureds for the monetary amounts of any settlements or judgments that may arise from the Lawsuit (collectively, "Policy Indemnity Costs") is wrongful on its face.

3.      As a result of Federal's wrongful breach of its broad duty to defend the Defendant Directors against the Lawsuit, TDW has been forced to indemnify them for their Defense Costs -- now in excess of $5 million -- that should have been paid by Federal in the first instance. TDW brings this action to recover these Defense Costs from Federal, and for a declaration that Federal is obligated to pay any further Defense Costs and Policy Indemnity Costs, up to the full limits of the Federal Policy, that may ultimately arise from the Lawsuit.

## THE PARTIES

4.      Plaintiff TDW is a corporation organized under the laws of the State of Oklahoma with its principal place of business in Tulsa, Oklahoma.

5.      Defendant Federal is a corporation organized under the laws of the State of

Indiana with its principal place of business in Indiana, and is authorized to transact, and does transact, business within the State of Oklahoma.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

7.      This Court has personal jurisdiction over Federal because Federal has submitted to jurisdiction in this State by transacting business in Oklahoma, including without limitation selling and delivering the Federal Policy to TDW in Oklahoma, as well as selling insurance policies to other policyholders located in Oklahoma.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because: (i) a substantial part of the events or omissions giving rise to the TDW's claims in this action occurred in Tulsa, Oklahoma; (ii) the Federal Policy was issued to TDW, an Oklahoma corporation, in Oklahoma, where TDW maintains its principal place of business; and (iii) the Lawsuit was filed and is pending in Oklahoma state court.

## FACTUAL ALLEGATIONS

### I.      The Lawsuit

9.      On or about September 6, 2016, Williamson, then a director of TDW, filed his Original Petition (the "Petition") in the Lawsuit against eight of the Defendant Directors.  A copy of the Petition is attached hereto at **Exhibit A**.

10.      The Petition alleges, among other things, that the Defendant Directors conspired

3

to deprive Williamson of his controlling interest in TDW.  The Petition alleges claims for breach of fiduciary duty and duty of loyalty (Count I), declaratory judgment (Count II), and preliminary and permanent injunctive relief (Count III).

11.     Importantly, in footnote 1 of the Petition, Williamson alleges that his claims in the Petition are alleged both directly and "***alternatively as derivative claims***." (Emphasis added).

12.     On or about May 11, 2017, Williamson filed a First Amended Petition (the "Amended Petition") in the Lawsuit.  A copy of the Amended Petition is attached hereto at **Exhibit B**.

13.     The Amended Petition added an additional Defendant Director and an additional claim for declaratory relief, which seeks to have certain actions of TDW's Board of Directors declared null and void *ab initio*.

14.     Importantly, the Amended Petition contains the same footnote 1 as the original Petition, in which Williamson alleges that his claims in the Amended Petition are alleged both directly and "***alternatively as derivative claims***."  (Emphasis added).

15.     Decisions rendered by the Oklahoma District Court in the Lawsuit later confirmed that at least some of the claims in the Lawsuit were derivative in nature.  In particular, by Order dated June 15, 2018 (the "June 15, 2018 Order"), Judge Rebecca Nightingale, in adjudicating the extent to which certain claims in the Lawsuit sought derivative relief, held that the "claim for breach of fiduciary duty *is rooted in derivative relief*.  The rights of Plaintiff to redress wrongs resulting from acts of TD Williamson's officers and directors *are derivative* and must be tried to the Court."  (Emphasis added).  A copy of the District Court's June 15, 2018 Order is attached

4

hereto at **Exhibit C**.

16.     Likewise, the District Court came to a similar conclusion -- *i.e*., that at least some of the claims in the Lawsuit were derivative in nature – in adjudicating Williamson's motion for reconsideration of the June 15, 2018 Order.  In particular, by Order dated May 8, 2019 (the "May 8, 2019 Order"), Judge Linda G. Morrissey held (at page 7) that, while the claim for breach of fiduciary duty was not derivative in nature, the "collateral claims of violation of Oklahoma corporate law, bylaws of the corporation, [and] requests for injunctive and declaratory relief are general questions applicable to all shareholders *as derivative claims*."  (Emphasis added.)  A copy of the District Court's May 8, 2019 Order is attached hereto at **Exhibit D**.

17.     The Lawsuit is ongoing.  Notwithstanding Federal's improper refusal to pay their Defense Costs, the Defendant Directors have defended, and continue to defend, against the allegations in the Lawsuit.

18.     Pursuant to Oklahoma corporate law and its corporate by-laws, TDW has stepped in to indemnify the Defendant Directors for their Defense Costs in light of Federal's improper refusal to pay those costs.  To date, TDW has indemnified the Defendant Directors in excess of $5,000,000 in Defense Costs, and Defense Costs continue to be incurred in connection with the Lawsuit.

## II.     <u>The Federal Policy</u>

19.     The Federal Policy is styled as a Forefront Portfolio 3.0 Policy, and bears policy no. 8103-4400.  Federal issued the Federal Policy to TDW for the period of September 20, 2015 to September 20, 2016.  The Federal Policy is subject to a $10,000,000 limit of liability.  A copy

of the Federal Policy is attached hereto at **Exhibit E**.

20.     The Federal Policy was issued to TDW, an Oklahoma corporation, in Oklahoma, where TDW maintains its principal place of business.  The Lawsuit was filed and is pending in Oklahoma state court.  Accordingly, Oklahoma law applies to interpretation of the terms of the Federal Policy.

21.     The Federal Policy provides, among other things, D&O liability coverage to the Insureds pursuant to a Directors & Officers and Entity Liability Coverage Part (the "D&O Coverage Part").

22.     Pursuant to Insuring Clause (B) of the D&O Coverage Part, Federal agrees, in pertinent part, to "pay, on behalf of an **Organization**, **Loss** on account of a **Claim** first made against an **Insured Person** during the **Policy Period** . . . to the extent the **Organization** indemnifies the **Insured Person** for such **Loss** as permitted or required by law."

23.     Pursuant to Section VII(A) of the D&O Coverage Part, Federal has "the right and duty to defend any **Claim** covered by this Policy Part."

24.     Pursuant to Section IV(F) of the D&O Coverage Part, the definition of covered "Loss" includes, among other things: (i) compensatory damages; (ii) punitive, exemplary or multiplied damages (subject to certain limitations); (iii) judgments, including pre-judgment and post-judgment interest; (iv) settlements; and (v) "Defense Costs" (as defined in the Federal Policy).

25.     Pursuant to Section IX(A) of the D&O Coverage Part, where Defense Costs are incurred in connection with a Claim that "includes both covered and uncovered matters," then

"one hundred percent (100%) of Defense Costs incurred . . . on account of such **Claim** shall be covered **Loss**."

26.     The IVI Exclusion in the Federal Policy, which appears at Section V(A)(6) of the D&O Coverage Part, states that:

[Federal] shall not be liable for Loss on account of any Claim: . . .

(a)     brought by an Organization against any other Organization;

(b)     brought by an Organization against an Insured Person of such Organization, provided that this Subparagraph (b) shall not apply to any Claim brought:

(i)     outside the United States of America or Canada;

(ii)    in the event of Financial Impairment of the Organization; or

(iii)   as a securityholder derivative action;

(c)     brought by an Insured Person in any capacity against an Insured, except with respect to a Claim:

(i)     for employment-related Wrongful Acts against an Insured Person;

(ii)    brought by an Employee, other than an Executive, in his or her capacity as a shareholder of an Organization;

(iii)   for contribution or indemnity arising from another Claim otherwise covered under this Policy;

(iv)    brought by an Executive who has ceased serving in his or her capacity as an Executive for at least one (1) year; or

(v)     brought by a whistleblower pursuant to any federal, state, local or foreign law against an Insured Person[.]

## III.   <u>Federal's Improper Disclaimers of Coverage</u>

27.     Shortly after receiving the Petition, TDW tendered the Lawsuit to Federal for coverage, including defense and indemnity.

28.     By letter to TDW dated October 5, 2016 (the "October 5, 2016 Letter"), Federal expressly acknowledged that the Petition was a "Claim" as defined by the Federal Policy and the Defendant Directors were "Insured Persons" as defined by the Federal Policy.  A copy of the October 5, 2016 Letter is attached hereto at **Exhibit F**.

29.     Notwithstanding these acknowledgements, Federal fully disclaimed any obligation to provide coverage for defense or indemnity of the Lawsuit under the Federal Policy solely on the basis of the IVI Exclusion in the Federal Policy.  In so doing, Federal relied solely on subsection (c) of the exclusion, applicable to Claims brought by an "Insured Person" against other "Insureds."  According to Federal, coverage for the Lawsuit was fully excluded by subsection (c) because both Williamson and the Defendant Directors are "Insured Persons," and none of the stated exceptions to subsection (c) applied to the circumstances of the Lawsuit.

30.     Federal's denial of coverage based on the IVI Exclusion is incorrect on its face because the claims in the Lawsuit are pled both directly ***and, in the alternative, derivatively***.  In addition, both Judge Nightingale's June 15, 2018 Order and Judge Morrissey's May 8, 2019 Order confirm that at least certain of the claims alleged in the Lawsuit are derivative in nature.

31.     Under controlling Oklahoma law, shareholder derivative claims may only be brought on behalf of, and for the benefit of, the corporation that is the subject of the claims. Thus, the derivative claims in the Lawsuit are not subject to subsection (c) of the IVI Exclusion. At most, they may be subject to subsection (b) of the exclusion, applicable to claims brought by an Organization against an Insured Person.  However, because subsection (b) is subject to a specific carve-out for Claims brought "as a securityholder derivative action," subsection (b) also does not apply to the derivative claims alleged in the Lawsuit.  Indeed, by structuring

8

"securityholder derivative actions" as a subset of Claims "brought by an Organization against an Insured Person" within subsection (b), Federal necessarily concedes, consistent with controlling Oklahoma law and the June 15, 2018 and May 8, 2019 Orders, that securityholder derivative claims, like those asserted in the Lawsuit, are, by their very nature, Claims "brought by an Organization against an Insured Person."

32.    Federal's October 5, 2016 Letter fails even to acknowledge, let alone substantively address, the derivative claims alleged in the Lawsuit, subsection (b) of the IVI Exclusion, or the express exception from subsection (b) for "securityholder derivative actions."

33.    By letters dated January 10, 2019 and July 17, 2020, copies of which are attached hereto at **Exhibits G** and **H** respectively, TDW and its counsel challenged Federal's purported application of the IVI Exclusion to the derivative claims alleged in the Lawsuit.  Among other things, these letters plainly establish that: (i) at least certain of the claims alleged in the Lawsuit are derivative in nature; (ii) under controlling Oklahoma law, the derivative claims may only be brought on behalf of TDW, and therefore the IVI Exclusion does not apply to the derivative claims; (iii) under the express terms of the Federal Policy and controlling Oklahoma law, Federal must defend the entire Lawsuit if any claims alleged in the Lawsuit are even potentially covered by the Federal Policy; (iv) the derivative claims alleged in the Lawsuit, on their face, are at least potentially covered by the Federal Policy (*i.e*., are not subject to the IVI Exclusion); (v) Federal's ongoing denial of coverage for both defense and indemnity of the Lawsuit based on the IVI Exclusion is plainly improper given the structure of the IVI Exclusion and Oklahoma's well-established rules of insurance policy interpretation.

34.    Notwithstanding TDW's diligent efforts to convince Federal that its coverage

position was improper, Federal and its counsel issued letters to TDW dated March 22, 2019 (the "March 22, 2019 Letter") and August 17, 2020 (the "August 17, 2020 Letter"), copies of which are attached hereto at **Exhibits I** and **J** respectively.  These letters purport to respond to TDW's January 10, 2019 and July 17, 2020 letters.  Federal's March 22, 2019 and August 17, 2020 Letters indicate that Federal continues to stand on its wrongful denial of defense and indemnity coverage for the Lawsuit based on the IVI Exclusion.

35.     The factual and legal bases of Federal's disclaimers of coverage for the Lawsuit based on the IVI Exclusion in the Federal Policy, as set forth in Federal's various coverage disclaimer letters, are entirely without merit.  They are asserted by Federal for the improper purpose of evading its coverage obligations for the Lawsuit, which is fully covered by the Federal Policy, at TDW's expense.

## COUNT I
## DECLARATORY JUDGMENT

36.     TDW re-alleges and incorporates by reference the allegations of Paragraphs 1 through 35.

37.     The Federal Policy is a binding contract of insurance.

38.     The Defense Costs incurred by the Defendant Directors and indemnified by TDW, as well as any Policy Indemnity Costs ultimately arising from the Lawsuit, are expressly covered under the terms of the Federal Policy because:

(a)     TDW is an insured "Organization" as defined in the Federal Policy;

(b)     Each of the Defendant Directors is an "Insured Person" as defined in the Federal Policy;

(c)    The Lawsuit is a "Claim" as defined in the Federal Policy;

(d)    The Lawsuit seeks money damages and other types of covered "Loss" as defined in the Federal Policy;

(e)    The Defense Costs incurred by the Defendant Directors and indemnified by TDW are "Defense Costs" as defined by the Federal Policy, which also constitute covered "Loss" as defined in the Federal Policy;

(f)    The Lawsuit was first asserted against the Defendant Directors during the "Policy Period" as defined in the Federal Policy; and

(g)    The Lawsuit alleges one or more "Wrongful Acts" as defined by the Federal Policy.

39.    TDW has indemnified, and continues to indemnify, the Defendant Directors for their "Defense Costs," as defined in the Federal Policy, incurred in connection with the Lawsuit.

40.    To the extent that the Lawsuit results in the imposition of Policy Indemnity Costs against the Defendant Directors, such costs, as pled in the Lawsuit, constitute covered "Loss" as defined in the Federal Policy.

41.    No exclusion in the Federal Policy, including without limitation the IVI Exclusion, precludes or otherwise limits coverage available to the Insureds for any Defense Costs incurred in defending against the Lawsuit or any Policy Indemnity Costs sought in the Lawsuit.

42.    The Insureds have complied with all applicable provisions of the Federal Policy, including all applicable conditions of coverage, and have paid all premiums due and owing in connection with the Federal Policy.

43.    Federal has a broad contractual and legal duty, under the plain language of the Federal Policy and controlling Oklahoma law, to pay all Defense Costs incurred in connection with the Lawsuit if any claims alleged therein are even potentially covered by the Federal Policy.

4824-4136-7505 v.1

The derivative claims alleged in the Lawsuit are at least potentially covered by the Federal Policy. Accordingly, Federal has wrongfully refused to honor its duty to defend the Lawsuit.

44.     Federal also has wrongfully denied its contractual and legal obligation under the Federal Policy and controlling Oklahoma law to indemnify the Insureds for any Indemnity Costs incurred in connection with the Lawsuit.

45.     Federal's wrongful repudiation of its duties to defend the Defendant Directors against the Lawsuit and indemnify the Insured with respect to any Policy Indemnity Costs they may incur in connection with the Lawsuit is ongoing.

46.     As such, an actual case or controversy exists between TDW and Federal regarding the extent of Federal's coverage obligations under the Federal Policy.

47.     Pursuant to 28 U.S.C. § 2201, TDW seeks a declaration from the Court that Federal is obligated under the terms of the Federal Policy, up to the full available limits of the Federal Policy, to: (i) reimburse all Defense Costs incurred by the Insureds in connection with the Lawsuit through the date of such declaration, with interest; (ii) directly pay all Defense Costs incurred by the Defendant Directors in connection with the Lawsuit following the date of such declaration; and (iii) indemnify the Insureds for any Policy Indemnity Costs they may incur in connection with the Lawsuit.

## COUNT II
## BREACH OF CONTRACT

48.     The Insureds re-allege and incorporate by reference the allegations of Paragraphs 1 through 47.

49.     The Federal Policy is a binding contract of insurance.

50.     The Defense Costs incurred by the Defendant Directors and indemnified by TDW in connection with the Lawsuit are expressly covered under the terms of the Federal Policy because:

      (a)     TDW is an insured "Organization" as defined in the Federal Policy;

      (b)     Each of the Defendant Directors is an "Insured Person" as defined in the Federal Policy;

      (c)     The Lawsuit is a "Claim" as defined in the Federal Policy;

      (d)     The Lawsuit seeks money damages and other types of covered "Loss" as defined in the Federal Policy;

      (e)     The Defense Costs incurred by the Defendant Directors and indemnified by TDW in connection with the Lawsuit are "Defense Costs" as defined by the Federal Policy, which also constitute covered "Loss" as defined in the Federal Policy;

      (f)     The Lawsuit was first asserted against the Defendant Directors during the "Policy Period" as defined in the Federal Policy; and

      (g)     The Lawsuit alleges one or more "Wrongful Acts" as defined by the Federal Policy.

51.     TDW has indemnified, and continues to indemnify, the Defendant Directors for their "Defense Costs," as defined in the Federal Policy, incurred in connection with the Lawsuit.

52.     No exclusion in the Federal Policy, including without limitation the IVI Exclusion, precludes or otherwise limits coverage available to the Insureds for Defense Costs incurred in connection with the Lawsuit.

53.     The Insureds have complied with all applicable provisions of the Federal Policy, including all applicable conditions of coverage, and have paid all premiums due and owing in connection with the Federal Policy.

4824-4136-7505 v.1

54.     Federal has a broad duty under the terms of the Federal Policy and applicable Oklahoma law to pay all Defense Costs associated with the Lawsuit if any claims alleged therein are even potentially covered by the Federal Policy.  The derivative claims alleged in the Lawsuit are at least potentially covered by the Federal Policy.

55.     Federal has refused or otherwise failed to perform, in whole or in part, its broad duty under the terms of the Federal Policy and applicable Oklahoma law to pay Defense Costs associated with the Lawsuit.  This refusal or failure constitutes a material breach of the terms of the Federal Policy.

56.     As a proximate result of such breach, and the necessity of having to file this lawsuit for damages, TDW has suffered and continues to suffer damages.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, the Insureds respectfully pray that this Honorable Court:

(a)     Enter a declaration of judgment against Federal, pursuant to 28 U.S.C. § 2201, that Federal is obligated under the terms of the Federal Policy, up to its full available policy limits ("Policy Limits"), to: (i) reimburse the Insureds for all Defense Costs incurred by the Defendant Directors in connection with the Lawsuit through the date of such declaration, with interest; (ii) directly pay all Defense Costs  incurred by the Defendant Directors in connection with the Lawsuit following the date of such declaration; and (iii) indemnify the Insureds for any Policy Indemnity Costs they may incur in connection with the Lawsuit.

(b)     Enter judgment against Federal that it has breached, and continues to be in breach, of the terms of the Federal Policy; and

(c)    Award monetary damages and other relief to the TDW, with the specific amount to be determined at trial, as follows:

    (i)    The full amount of Defense Costs incurred in connection with the Lawsuit, subject only to Policy Limits;

    (ii)    Any other actual or compensatory damages incurred by the Insureds, subject only to Policy Limits;

    (iii)    Prejudgment and post-judgment interest as provided by law, in addition to Policy Limits;

    (iv)    Attorneys' fees and costs of this action, in addition to Policy Limits; and

    (v)    Any and all additional relief in favor of TDW deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Insureds hereby demand that all claims in this action be tried to a jury.

DATED: November 5, 2020

        Respectfully submitted,

        /s/Christopher B. Woods
        Christopher B. Woods, OBA No. 18881
        KINGWOODS PLLC
        20 East 5th Street, Suite 750
        Tulsa, OK 74103
        Phone (918) 398-7186
        cwoods@kingwoodslaw.com

        -And-

        HAYNES & BOONE, LLP

        Stephen T. Raptis (*pro hac vice* admission pending)

        800 17th Street, NW, Suite 500
        Washington, DC  20006-3962
        Phone (202) 654-4563
        steve.raptis@haynesboone.com