

# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD B. WILLIAMSON, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | **DISTRICT COURT FILED** SEP ⁃ 6 2016 SALLY HOWE SMITH, COURT CLERK STATE OF OKLA. TULSA COUNTY |
| DONALD E. POWELL, STEPHEN D. WILLIAMSON, BARBARA K. BUCHOLTZ, ROBERT G. SACHSE, LARRY J. BUMP, JACK E. SHORT, CHARLES T. MILLER, RONALD S. COHEN, | § § § § § § § § § | Case No. REBECCA NIGHTINGALE **CJ-2016-03196** |
| Defendants. | § § | |

## ORIGINAL PETITION

COMES NOW Richard B. Williamson ("R. Williamson" or "Plaintiff"), and for his causes of action against the above-named Defendants, states as follows:

### INTRODUCTION

1. This case involves a conspiracy between the above-named Defendants, which include Plaintiff's brother ("Stephen D. Williamson") and sister ("Barbara K. Bucholtz"), and their breaches, in bad faith, of the fiduciary duty and duty of loyalty each owed to Plaintiff in connection with their: (a) theft of Plaintiff's majority and controlling stockholder interest in T.D. Williamson, Inc. ("TDW"), (b) interference with Plaintiff's stockholder right to vote his shares in TDW and to amend the bylaws of TDW, (c) enrichment of themselves at Plaintiff's direct expense, and (d) entrenchment of themselves in the control of TDW.[1]

---

[1] Plaintiff asserts that his claims based upon the facts and conduct presented herein are direct, not derivative, but in the alternative, and without waiver of his position that the claims are direct, he also pleads them alternatively as derivative claims.

## THE PARTIES

2. Plaintiff is an individual who resides in Tulsa County, Oklahoma. Plaintiff owns a majority of the voting common stock (the "Voting Common Stock") of TDW and is a director of TDW.

3. Defendant Donald E. Powell ("Powell") is an individual residing in Amarillo, Texas. Powell is a director of TDW and represents himself as the lead independent director of TDW.

4. Defendant Stephen D. Williamson ("S. Williamson" or "Plaintiff's brother") is an individual residing in Oakville, Ontario, Canada. S. Williamson is Plaintiff's brother, a stockholder in TDW, and a director of TDW.

5. Defendant Barbara K. Bucholtz ("Bucholtz" or "Plaintiff's sister") is an individual residing in Tulsa County, Oklahoma. Bucholtz is Plaintiff's sister, a stockholder in TDW, and a director of TDW.

6. Defendant Robert G. Sachse ("Sachse") is an individual residing in Tulsa County, Oklahoma. Sachse is a director of TDW.

7. Defendant Larry J. Bump ("Bump") is an individual residing in Tulsa County, Oklahoma. Bump is a director of TDW.

8. Defendant Jack E. Short ("Short") is an individual residing in Tulsa County, Oklahoma. Short is a director of TDW.

9. Defendant Charles T. Miller ("Miller") is an individual residing in the state of Indiana. Miller is a director of TDW.

10. Defendant Ronald S. Cohen ("Cohen") is an individual residing in the state of Indiana. Cohen is a director of TDW.

11. Powell, Bump, Sachse, Short, Miller and Cohen are collectively referred to herein as the "independent directors."

**JURISDICTION AND VENUE**

12. Among other things, this is an action to enforce rights for causes of action which accrued or occurred or arose, in whole or in part, in Tulsa County, Oklahoma and for damages for torts which occurred, in whole or in part, in Tulsa County, Oklahoma. Defendants Bucholtz, Sachse, Bump and Short reside in Tulsa County and are properly subject to service of process in Tulsa County, Oklahoma. As directors of TDW, Defendants S. Williamson, Powell, Miller and Cohen are doing business in Tulsa, Oklahoma and are properly subject to service of process in Tulsa, Oklahoma pursuant to the Oklahoma long-arm statute. By virtue of the foregoing, this Court has jurisdiction over the subject matter and the parties to this action and pursuant to 12 Okla. Stat. §§ 133, 134 and 139, venue is proper in this Court.

**FACTUAL BACKGROUND**

13. TDW is a family owned corporation organized and existing under the laws of the State of Oklahoma and a global pipeline service company formed in 1933 by Plaintiff's grandfather. For many years prior to the conduct of Defendants as described herein, Plaintiff owned in excess of 50% of the Voting Common Stock of TDW and, thus, was the majority and controlling stockholder of TDW.

14. At Plaintiff's proper request under his stockholder rights with respect to TDW, a special meeting of the stockholders of TDW was scheduled for September 2, 2016 at 9:00 am for the purpose of voting on amendments to TDW's bylaws that were being proposed by Plaintiff.

Plaintiff's proposed bylaw amendments were not coercive to his brother or sister, and they posed no threat to TDW.

15. None of the Defendants ever told Plaintiff that his proposed bylaw amendments would prejudice TDW in any way. Defendants knew, however, that the proposed amendments would be approved by Plaintiff as a result of his controlling stockholder interest in TDW.

16. Defendants then changed the agenda for a previously scheduled special meeting of the directors of TDW for August 31, 2016, 2 days before the already scheduled stockholder meeting, for the stated purpose of discussing Plaintiff's proposed bylaw amendments. Their stated purpose was a lie and a pretense for a much different agenda. Defendants' action in changing the agenda at the previously scheduled special directors meeting was the first step in Defendants' interference with the exercise of Plaintiff's stockholder rights and the theft of his controlling stockholder interest in TDW.

17. The August 31, 2016 special meeting of the directors of TDW took place as scheduled, but there was no discussion of Plaintiff's proposed bylaw amendments. Instead, at the August 31 meeting, Defendant Powell made a motion, seconded by Defendant Short, to issue 20 shares (the "new shares") of TDW's Voting Common Stock to Plaintiff's brother for the then current common share value (the "new stock motion"); with the sale to be deemed completed that very day, August 31, 2016. Prior to the August 31 meeting, none of the Defendants, not even Plaintiff's brother or sister, informed Plaintiff that the new stock motion would be made. The stealth and timing of the new stock motion is the epitome of bad faith by a fiduciary. Of course, Plaintiff's brother did not decline the new shares. As a result of the issuance of the new shares, Plaintiff would no longer hold a majority of TDW's Voting Common Stock. Instead, Plaintiff's brother and sister would together hold a majority of TDW's Voting Common Stock. The new

stock motion was the second step in Defendants' interference with Plaintiff's stockholder rights and the theft of his controlling stockholder interest in TDW.

18. No explanation or justification was given by Defendant Powell for the new stock motion, and there was no discussion at the meeting by and among any of the Defendants as to the need for or propriety of such motion. None was needed because each of the Defendants, who control 8 of the 10 director seats, already knew that (a) the new stock motion would be made, (b) that the issuance of the new shares would create a change in the stockholder voting control of TDW in favor of Plaintiff's brother and sister, and (c) the new stock motion was part of a larger conspiracy to usurp stockholder action on Plaintiff's proposed bylaw amendments, all of which was the scheme to which they had agreed prior to the meeting.

19. The change in stockholder control would also entrench each of the independent directors in their board positions for which they each receive annual compensation in excess of $100,000.00.

20. At the August 31 special meeting of directors, no valuation was presented or discussed in the context of the change in control that would result from the issuance of the new shares to Plaintiff's brother. Plaintiff was not offered, nor has Plaintiff received, anything of value for the change in control that was orchestrated by the Defendants under their scheme to take away his majority stockholder interest in TDW. The board did not offer Plaintiff the same opportunity to receive the windfall benefit as it bestowed on his brother, at virtually no cost. As a result of the scheme and the new shares, the value of the combined stock of Plaintiff's brother and sister has been vastly improved.

21. When the new stock motion was made, Plaintiff requested and was granted a recess so that he could confer with his advisors on the motion. No time limit was placed on the duration

of the recess, but when Plaintiff returned approximately 18 minutes later, the meeting, incredibly, had been dismissed and Plaintiff was advised that the motion for issuance of the new shares had passed with all of the Defendants voting in favor of the motion, except TDW's chief executive officer, president and director, Robert McGrew, who abstained. The Defendants could not even wait 18 minutes for Plaintiff to confer with his advisors over their pre-planned scheme to deprive him of his controlling stockholder interest in his family's company. And they obviously did not care to receive any information that could have informed their decision making.

22. Within an hour after the special director's meeting on August 31, 2016 was dismissed, a notice for a special meeting of the directors of TDW was issued by Plaintiff's brother for the next day, September 1, 2016 at 11:00 am, for the stated purpose of voting on Defendants' proposed amendments to TDW's bylaws ("Defendants' bylaw amendments"), which were included with such notice. Plaintiff's receipt of Defendants' proposed bylaw amendments was the first time he had heard of or seen such amendments. The Defendants' bylaw amendments, among other things, attempted to change the quorum requirements for stockholder meetings of TDW so that Plaintiff could not take action as a stockholder at the upcoming special stockholder meeting scheduled for the next day. Defendants' bylaw amendments were thus part of their scheme to deprive Plaintiff of his position as the controlling stockholder of TDW. This special board meeting took place as scheduled, and the Defendants approved their bylaw amendments. This was the final step in Defendants' interference with the exercise of Plaintiff's stockholder rights and the theft of his controlling stockholder interest in TDW.

23. The next day, September 2, 2016 at 9:00 am, the special stockholder meeting to consider and vote upon Plaintiff's proposed bylaw amendments ("Plaintiff's bylaw amendments') took place as scheduled. Plaintiff's brother and sister did not show up for the meeting. All but

one (the proposed amendment granting stockholders the right to act by a majority written consent) of Plaintiff's bylaw amendments were approved at this meeting.

## COUNT ONE

### (Breach of Fiduciary Duty and Duty of Loyalty)

24. Plaintiff realleges and incorporates herein the allegations in the paragraphs set forth above.

25. At all times relevant herein, each of the Defendants, as directors of TDW, had a fiduciary duty and a duty of loyalty to Plaintiff.

26. Defendants' duties to Plaintiff precluded them from inequitably interfering with Plaintiff's exercise of his stockholder rights and from engaging in an unfair, interested-party transaction with Plaintiff's brother. Such duties also precluded the independent directors from selfishly entrenching themselves in the control of TDW.

27. By virtue of their actions and conduct, each of the Defendants has breached their fiduciary duty and duty of loyalty to Plaintiff. Such breaches have been the proximate cause of injury and actual damages to Plaintiff, for which Plaintiff is entitled to an award of compensatory damages against Defendants, jointly and severally.

28. The acts and conduct of Defendants, jointly and severally, were taken in bad faith and have been willful, wanton and malicious and in intentional disregard for the rights of Plaintiff, and as a result, Defendants, jointly and severally, should be punished by an award of punitive damages.

## COUNT TWO

### (Declaratory Judgment)

29. Plaintiff realleges and incorporates the allegations in the paragraphs set forth above.

30. An actual controversy of a justiciable nature exists between Plaintiff and Defendants involving the validity of the new shares, Defendants' bylaw amendments and Plaintiff's bylaw amendments. Plaintiffs are entitled to a declaratory judgment against all Defendants herein as follows:

(a) The new shares are null and void for all purposes *ab initio*;

(b) Defendants' bylaw amendments are null and void for all purposes *ab initio*; and

(c) Plaintiff's bylaw amendments are valid and effective as September 2, 2016.

## COUNT THREE

### (Injunctive Relief)

31. Plaintiff realleges and incorporates the allegations in the paragraphs set forth above.

32. Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants and any party acting by, through or on their behalf, or for their benefit, enjoining, prohibiting, and barring said Defendants or other persons or entities from taking any action that depends or relies on the validity of the new shares or Defendants' bylaw amendments.

33. Plaintiff is entitled to preliminary and permanent injunctive relief against Defendants and any party acting by, through or on their behalf, or for their benefit, enjoining, prohibiting, and barring said Defendants or other persons or entities from taking any action that violates or is inconsistent with Plaintiff's bylaw amendments.

34. Plaintiff does not have an adequate remedy at law and will be irreparably damaged if Defendants are allowed to take any action that depends or relies on the validity of the new shares or Defendants' bylaw amendments or that violates or is inconsistent with the Plaintiff's bylaw amendments.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor, and against all of the Defendants, jointly and severally, on all of their causes of action, as follows:

1. Judgment against all Defendants, jointly and severally, on Plaintiffs' claims for breach of fiduciary duty and their duty of loyalty for compensatory damages in excess of $75,000.00 and an award of punitive damages in excess of $75,000.00, to be determined at trial, plus prejudgment interest and postjudgment interest thereon as provided by law;

2. Judgment against all Defendants, jointly and severally, for declaratory judgment as requested in Count Two, paragraph 30, subparagraphs (a) through (c) above;

3. Judgment imposing a permanent injunction barring and prohibiting the Defendants, jointly and severally, and any party acting by, through or on their behalf, or for their benefit, from taking any action that relies or depends on the validity of the new shares or Defendants' bylaw amendments;

4. Judgment against Defendants, jointly and severally, for the Plaintiff's reasonable costs incurred in this action, including a reasonable attorney's fee, plus any and all such further legal or equitable relief to which Plaintiffs may be entitled.

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS,
BRITTINGHAM, GLADD & FIASCO**
A PROFESSIONAL CORPORATION

_____
Michael P. Atkinson, OBA #374
William A. Fiasco, OBA #12662
1500 ParkCentre, 525 South Main
Tulsa, Oklahoma   74103-4524
Telephone: (918) 582-8877
Facsimile:  (918) 585-8096
***ATTORNEYS FOR PLAINTIFF
RICHARD B. WILLIAMSON***

*Jury Trial Demanded*
*Attorney Lien Claimed*