

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED

MAY - 8 2019

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

RICHARD B. WILLIAMSON,                      )
                                            )
Plaintiff/Counterclaim Defendant,           )
                                            )
V.                                          )
                                            )
DONALD E. POWELL,                           )
STEPHEN D. WILLIAMSON,                      )      Case No.  CJ-2016-3196
BARBARA K. BUCHOLTZ,                        )      Judge Linda G. Morrissey
ROBERT G. SACHSE,                           )
LARRY J. BUMP, JACK E. SHORT,               )
CHARLES T. MILLER,                          )
RONALD S. COHEN, and                        )
ROBERT MCGREW,                              )
                                            )
Defendants/Counterclaim Plaintiffs.         )

**ORDER ON PLAINTIFF'S MOTION TO RECONSIDER OR TO CLARIFY
JUDGE NIGHTINGALE'S ORDER OF JUNE 15, 2018, ON DEFENDANTS' MOTION
FOR DETERMINATION THAT PLAINTIFF IS NOT ENTITLED TO A JURY TRIAL**

THIS CAUSE comes before the Court for decision on Plaintiff's Motion to Reconsider or

to Clarify Judge Nightingale's Order of June 15, 2018, on Defendants' Motion for Determination

that Plaintiff is not Entitled to a Jury Trial. After considering all briefs and authority presented,

the Court FINDS and ORDERS as follows:

Plaintiff, Richard B. Williamson ("Plaintiff") seeks reconsideration[1] of the Order on

Defendants, Stephen D. Williamson and Barbara K. Bucholtz's Motion for Determination that

Plaintiff is not Entitled to a Jury Trial ("Order"). Defendants, Donald E. Powell, Stephen D.

---

[1] Plaintiff's motion alternatively seeks clarification of the Order, but acknowledges that it is likely impossible for
this Court to clarify Judge Nightingale's previous order (Transcript of Proceedings had on the 29th Day of January,
2019, before Judge Linda G. Morrissey, 43:19 – 44:8).

Williamson, Barbara K. Bucholtz, Robert G. Sachse, Larry J. Bump, Jack E. Short, Charles T. Miller, Ronald S. Cohen, and Robert McGrew (collectively "Defendants") object to reconsideration of the Order.

## I. BACKGROUND AND PROCEDURAL POSTURE

Plaintiff filed the instant action September 6, 2016. Plaintiff alleges that Defendants interfered with Plaintiff's exercise of his stockholder rights and caused him to lose his controlling stockholder interest in T.D. Williamson, Inc., ("TDW"). Plaintiff alleges, inter alia, that Defendants voted to issue 20 shares of TDW's Voting Common Stock to Defendant, Stephen D. Williamson, Plaintiff's brother, for the then current common share value ("Stock Sale"); with the sale to be deemed completed the same day. Plaintiff alleges that the Stock Sale caused him to lose his controlling stockholder interest in TDW. Plaintiff asserts causes of action against Defendants for breach of fiduciary duty and duty of loyalty, declaratory judgment, and injunctive relief.

The Defendants, Stephen D. Williamson and Barbara K. Bucholtz's Motion for Determination that Plaintiff is not Entitled to a Jury Trial ("Motion") was filed on April 24, 2018. The Motion argued that Plaintiff was not entitled to a jury trial because all of Plaintiff's claims lie in equity. On June 15, 2018, Judge Nightingale granted the Motion, stating in pertinent part:

> Plaintiff's claims for declaratory judgment and injunctive relief are purely equitable. Plaintiff's claim for breach of fiduciary duty is rooted in derivative relief. The rights of Plaintiff to redress wrongs resulting from acts of TD Williamson's officers and directors are derivative and must be tried to the Court.[2]

---

[2] (Order on Defendants Stephen D. Williamson and Barbara K. Bucholtz's Motion for Determination that Plaintiff is not Entitled to a Jury Trial, p. 1)

2

On June 28, 2018, Plaintiff filed his Application to Assume Original Jurisdiction and Petition for Writ of Prohibition and Mandamus with the Oklahoma Supreme Court, seeking a writ of prohibition with regard to the Order. On August 8, 2018, after a Rule 15 in camera hearing the previous day, Judge Nightingale struck the non-jury trial that was set for October 1, 2018, and recused from the case. On August 31, 2018, the case was transferred to this Court. Plaintiff's application to assume original jurisdiction was denied by the Oklahoma Supreme Court on September 10, 2018. Plaintiff filed the instant motion on September 14, 2018, pursuant to which the Court conducted a hearing on January 29, 2019.

## II. STANDARD OF REVIEW

"Although 'motions to reconsider' are not technically authorized by Oklahoma procedural law, the court is required to treat a motion as the substance of the motion dictates regardless of the name assigned by the parties." *Burghart v. Corr. Corp. of Am.*, 2009 OK CIV APP 76, ¶ 7, 224 P.3d 1278, 1280 (citation omitted). "A motion to reconsider an interlocutory order anterior to judgment is not a [12 O.S.] § 1031 motion to vacate unless made so by the terms of the statute." *Andrew v. Depani-Sparkes*, 2017 OK 42, ¶ 17, 396 P.3d 210, 218.

> An interlocutory order is an order which is not 'final.' Whenever a tribunal's ruling does not culminate in a judgment, its decision is interlocutory. Interlocutory orders do not operate to preclude a party from proceeding further in the cause nor do the orders prevent judgment. The issuance of an interlocutory order leaves the parties in court to try the issues on the merits.

*DLB Energy Corp. v. Oklahoma Corp. Comm'n*, 1991 OK 5, ¶ 7, 805 P.2d 657, 660 (footnotes omitted). The trial court has "discretion to modify one of its interlocutory orders anterior to judgment . . . ." *Andrew*, 2017 OK 42, at ¶ 16. In the case at bar, the Order is an interlocutory order as it leaves the parties in court to try the issues on the merits. Therefore, reconsideration of the Order is subject to the Court's discretion.

3

## II. ANALYSIS

Plaintiff argues for reconsideration of the Order because he contends his claims are not purely equitable, and thus he is entitled to a jury trial. In opposition, Defendants contend that the Order should not be reconsidered because Plaintiff's claims are equitable.

> The right to a jury trial in civil cases is guaranteed by Article 2, § 19 of the Oklahoma Constitution. A jury trial will be denied only where the issues are of purely equitable cognizance. 'Furthermore, when an equity cause of action and law claim are involved in one suit, the trial court at its discretion may submit the equity case to the jury, but it is its duty to submit the law case to the jury for determination.'

*Baytide Petroleum, Inc. v. Whitmar Expl. Co.*, 2000 OK CIV APP 120, ¶ 10, 18 P.3d 378, 381 (citations omitted). "[W]here the equitable issues are paramount or the legal issues incidental to or dependent upon the equitable issues, then the issues are treated as equitable for purposes of the trial, and the parties are not entitled to a jury trial." *I.C. Gas Amcana, Inc. v. J.R. Hood*, 1992 OK 119, ¶ 9, 855 P.2d 597, 599, *on reh'g in part* (July 6, 1993) (citations omitted).

> In determining which issue is paramount, the court must look to 'the character of the issues framed by the pleadings,' including issues arising by counter-claim. . . . 'The character of an action is to be determined by the nature of the issues made by the pleadings and the rights and remedies of the parties, and not alone by the form in which the action is brought or by the prayer for relief. . . .'

*Id.* at ¶ 10 (citations omitted).

In this case, first, the parties agree,[3] and it is axiomatic that Plaintiff's claims for injunctive relief are equitable. *Carts & Parts, Inc. v. Rosales*, 2009 OK CIV APP 74, ¶ 6, 225 P.3d 1, 3. Next, "[a] suit for declaratory judgment pursuant to § 1651 is neither strictly legal nor equitable, but assumes the nature of the controversy at issue." *Material Serv. Corp. v. Town of Fitzhugh*, 2015 OK CIV APP 13, ¶ 2, 343 P.3d 624, 625 (citation omitted). This authority

---

[3] (Defendants Stephen D. Williamson and Barbara K. Bucholtz's Motion for Determination that Plaintiff is not Entitled to a Jury Trial, pp. 6-7; Plaintiff's Response and Objection to Defendants Stephen D. Williamson and Barbara K. Bucholtz's Motion for Determination that Plaintiff is not Entitled to a Jury Trial, p. 4)

4

indicates that the paramount question to be determined is whether Plaintiff's breach of fiduciary duty claims are legal or equitable.

Plaintiff asserts that his breach of fiduciary duty claims are direct claims against the Defendants. Plaintiff specifically argues that Defendants breached their fiduciary duties by interfering with his shareholder voting rights and misappropriating his majority stockholder interest. Plaintiff urges that his allegations are direct claims of tortious conduct on the part of Defendants, and that any relief obtained on these claims would be to his sole benefit. Therefore, Plaintiff declares, his claims are predominately legal claims and the Order should be overturned.

In contravention, Defendants contend that the Order is correct in that Plaintiff's breach of fiduciary duty claims are derivative claims. Specifically, Defendants assert that Oklahoma does not recognize a direct cause of action by shareholders against corporate directors for breach of fiduciary duty. Defendants also maintain that Plaintiff's paramount claim for relief – cancellation of the Stock Sale and reinstatement of his majority stockholder interest – is an equitable claim, and thus Plaintiff is not entitled to a jury trial.

> Oklahoma's corporate law is derived from the corporate law of Delaware. Delaware law recognizes a direct action against corporate officers and directors in certain circumstances. 'It is a settled rule that when one state adopts a statute from another, it is presumed to adopt the construction placed upon the statute by the highest court of the other state.' However, Oklahoma has not previously recognized a direct action by shareholders. The only statutory action authorized is the stockholders' derivative action. 18 O.S. Supp. 2014 § 1126.

*Watkins v. Hamm*, 2018 OK CIV APP 2, ¶ 11, 419 P.3d 353, 356 (citations omitted).

> The rights of shareholders to redress wrongs against the corporation resulting from the acts or omissions of its officers and directors are derivative. Any action by shareholders to redress those wrongs must be maintained for the benefit of the corporation. . . . Derivative actions are equitable in nature and cannot be maintained at law even though the action seeks a money judgment for the corporation.

5

*Beard v. Love*, 2007 OK CIV APP 118, ¶ 19, 173 P.3d 796, 802 (citations omitted). Whether an action is direct or derivative "must be based solely on the following questions: Who suffered the alleged harm-the corporation or the suing stockholder individually-and who would receive the benefit of the recovery or other remedy?" *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1035 (Del. 2004).

> A stockholder who is directly injured . . . retain[s] the right to bring an individual action for injuries affecting his or her legal rights as a stockholder. Such a claim is distinct from an injury caused to the corporation alone. In such individual suits, the recovery or other relief flows directly to the stockholders, not to the corporation.

*Id.* at 1036.

Here, based upon the allegations in the parties' Pretrial Conference Order, Plaintiff, rather than the corporation, is alleged to have suffered the harm. Further, based upon the authority presented, it is not clear that direct actions are unequivocally barred in Oklahoma, and such an action may be appropriate under the facts and circumstances of this case. The crux of Plaintiff's allegations appear to be that Defendants initiated the Stock Sale for the purpose of diluting Plaintiff's majority stockholder interest. This harm is clearly unique to Plaintiff in that he was the only shareholder who had a majority stockholder interest in the closely held company. Similarly, if Plaintiff's allegations are proven true, any recovery received would flow directly to him because his was the only majority stockholder interest to be diluted by the Stock Sale. Based upon Plaintiff's allegations, the Court finds that Plaintiff's claims are direct claims of harm.

Defendants also argue that Plaintiff's paramount claim for relief – cancellation of the Stock Sale and reinstatement of his majority stockholder interest – is an equitable claim, "[W]here the equitable issues are paramount or the legal issues incidental to or dependent upon the equitable issues, then the issues are treated as equitable for purposes of the trial, and the parties are not entitled to a jury trial." *I.C. Gas Amcana, Inc*, 1992 OK 119, at ¶ 9 (citations

omitted). Here, Plaintiff's paramount claim appears to be his breach of fiduciary duty claims, and any relief that may be associated with that claim, rather than cancellation of the stock sale. The essence of Plaintiff's claim is that the Stock Sale diluted his majority stockholder interest in TDW, which caused him to lose majority control of the company. Plaintiff contends that Defendants' actions regarding the Stock Sale were tortious. If Plaintiff's allegations are proven true, it is not clear that cancelling the Stock Sale would be sufficient to make Plaintiff whole again.

The principal allegations of this case are not a general dilution of stock ownership to the detriment of all shareholders. Rather, the effect of the dilution alleged here is solely the alteration of the majority ownership in a closely held corporation. The alleged dilution does not appear to have a relationship to the value of a share of stock or the percentage of ownership of any stockholder other than the Plaintiff. The claim of breach of fiduciary duty does not appear to derive from the general ownership of stock in the corporation. Instead, it is based upon the allegation that the Plaintiff entered into a relationship of trust which established a fiduciary responsibility upon individuals who breached that duty in some manner, which resulted in Plaintiff losing his majority stockholder interest in the corporation. Conversely, collateral claims of violation of Oklahoma corporate law, bylaws of the corporation, requests for injunctive and declaratory relief are general questions applicable to all shareholders as derivative claims.

Success on the claims for breach of fiduciary duty would inure solely to the benefit of Plaintiff, and no other shareholder would be substantially affected. The Oklahoma Supreme Court noted in *Warren v. Century Bankcorporation, Inc.*, 1987 OK 14, ¶ 6, 741 P.2d 846, 848, that decisions made lawfully by the majority interest of a corporation are left undisturbed unless there is a clear showing that the majority interest has committed a breach of trust. The question

of the establishment of a fiduciary relationship, ensuing trust, and violation thereof is a jury question. Therefore, the Court finds that the claim of breach of fiduciary duty is not an equitable matter as the allegations appear in the parties' Pretrial Conference Order.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Reconsider or to Clarify Judge Nightingale's Order of June 15, 2018, on Defendants' Motion for Determination that Plaintiff is not Entitled to a Jury Trial is granted. Trial in this matter will proceed with a jury determining the cause of action for breach of fiduciary duty. The jury will act in an advisory capacity as to the equitable issues, pursuant to 12 O.S. §§ 556, 557, as the Court may deem appropriate at the time of trial.[4]

Dated this 7 day of _May_____, 2019.

_Morrissey_
Linda G. Morrissey, District Judge

---

[4] *See Zwirtz v. Dorl*, 1926 OK 374, ¶ 4, 123 Okla. 284, 253 P. 75, 77 (In equity cases, the district court may call a jury to advise it upon questions of fact, but the court may adopt or reject those conclusions as he deems appropriate.).

## AFFIDAVIT OF MAILING

I, Don Newberry, Court Clerk of Tulsa County, hereby certify that on the __8__ day of
___May___, 2019, a true and correct copy of the foregoing Order was
mailed to the following and a true and correct copy of the foregoing order was filed in the
above-referenced case.

| | | |
|---|---|---|
| Michael P. Atkinson<br>William A. Fiasco<br>Carol J. Allen<br>Atkinson Haskins<br>Nellis, Brittingham,<br>Gladd & Fiasco<br>525 South Main, Ste.<br>1500<br>Tulsa, OK 74103<br>Attorneys for Plaintiff<br>Richard B. Williamson | Theodore W. Daniel<br>Norton Rose Fulbright<br>US LLP<br>2200 Ross Aye, Ste.<br>3600<br>Dallas, TX 75201<br>Attorney for Plaintiff<br>Richard B. Williamson | Jessica L.<br>Dickerson<br>William S. Leach<br>McAfee & Taft<br>Two W. 2nd Street,<br>Ste. 1100<br>Tulsa, OK 74103<br>Attorneys for<br>Independent<br>Director Defendants |
| Kelly D. Utsinger<br>Underwood Law Firm,<br>P.C.<br>500 S. Taylor,<br>Ste.1200<br>P.O. Box 9158<br>Amarillo, TX 79101<br>Attorney for<br>Independent Director<br>Defendants | Clark Brewster<br>Brewster & DeAngelis,<br>PLLC<br>2617 East 21st Street<br>Tulsa, OK 74114<br>Attorney for Defendant<br>Robert McGrew | R. Louis Reynolds<br>Andrew A. Shank<br>2727 East 21st<br>Street, Suite 200<br>Tulsa, OK 74114<br>Attorneys for<br>Defendant Robert<br>McGrew |
| Joel Wohlgemuth<br>Ryan Ray<br>2900 Mid-Continent Tower<br>401 South Boston<br>Tulsa, OK 74103<br>Attorneys for<br>Defendants/<br>Counterclaim<br>Plaintiffs<br>Stephen D.<br>Williamson and<br>Barbara K. Bucholtz | Peter B. Ladig,<br>Jason C. Jowers Bayard,<br>P.A.<br>600 N. King Street, Suite<br>400<br>Wilmington, DE 19801<br>Attorneys for<br>Defendants/Counterclaim<br>Plaintiffs<br>Stephen D. Williamson<br>and Barbara K. Bucholtz | Graydon D. Luthey,<br>Jr.,<br>GABLEGOTWAL<br>S<br>1100 ONEOK Plaza<br>100 West Fifth<br>Street<br>Tulsa, OK 74103-<br>4217<br>Attorneys for<br>Defendants/Counter<br>claim Plaintiffs<br>Stephen D.<br>Williamson and<br>Barbara K.<br>Bucholtz |

9

DON NEWBERRY, Court Clerk

Darcy Asbill, Deputy Court Clerk