## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

T.D. WILLIAMSON, INC.,

        Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

        Defendant.

Case No.:  20-CV-00571-GKF-JFJ

## DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND OPENING BRIEF IN SUPPORT

Defendant Federal Insurance Company ("Federal"), under Federal Rule of Civil Procedure 56, respectfully moves the Court for an order granting summary judgment in its favor on all claims of the plaintiff T.D. Williamson, Inc. ("TDW").

## INTRODUCTION AND SUMMARY

The Oklahoma Supreme Court has long recognized in insurance cases that "exclusions are read seriatim; each exclusion eliminates coverage and operates independently against the general declaration of insurance coverage and all prior exclusions by specifying other occurrences not covered by the policy. Thus, subsequent exclusions can further limit or even remove a covered risk from the general declaration of insurance coverage."[1]

---

[1] *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 377 (Okla. 1991) (citing cases going back to 1928).

Resisting this blackletter law, TDW asks this Court to ignore a subsequent exclusion because of an exception unique to a prior exclusion. Specifically, TDW would have the Court ignore a policy's exclusion of claims "brought **by an Insured Person in any capacity** against an Insured" because a separate exclusion, of claims "brought **by an Organization** against an Insured Person," has a "securityholder derivative action" exception. The latter exception – even if it could apply factually, which is denied – is immaterial because Federal has not relied upon, and still does not rely upon, the exclusion of claims "brought by an Organization" in denying coverage. Federal has denied coverage based solely on the exclusion for claims "brought by an Insured Person in any capacity."

TDW's request to the Court has no support in the law. Federal therefore moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### *The Underlying Lawsuit*

1.     On September 6, 2016, Richard Williamson sued Donald Powell, Stephen Williamson, Barbara Bucholtz, Robert Sachse, Larry Bump, Jack Short, Charles Miller and Ronald Cohen (collectively, "Director Defendants") in the District Court of Tulsa County, Oklahoma,  in a case styled *Richard B. Williamson v. Donald E. Powell, et al.,* Case No. CJ-2016-03196 (the

"Underlying Lawsuit").[2] According to the original petition filed therein ("Petition"), Richard Williamson is a director of TDW and owns a majority of its voting common stock.[3] Each defendant is also a director of TDW.[4] Two of the Defendants—Barbara Bucholtz and Stephen Williamson—are also shareholders of TDW.[5] TDW itself is <u>not</u> a party to the Underlying Lawsuit.[6]

2.     The Petition alleges that the Director Defendants conspired to deprive Williamson of his controlling interest in TDW.[7] The Petition alleges claims for breach of fiduciary duty and duty of loyalty (Count I), declaratory judgment (Count II), and preliminary and permanent injunctive relief (Count III).[8]

3.     On May 11, 2017, Williamson filed a First Amended Petition (the "Amended Petition") in the Underlying Lawsuit.[9] The Amended Petition added an additional Defendant Director and an additional claim for declaratory relief,

---

[2]     Dkt. 2 at ¶¶ 1 and 9; Dkt. 2-1 (The cited documents, which have previously been filed with the Court, are not attached but rather referenced by their docket number in accordance with Section XIII(C) of the Court's CM/ECF Administrative Guide of Policies and Procedures.)

[3]     Dkt. 2-1 at ¶ 2.

[4]     *Id.* at ¶¶ 3-10.

[5]     *Id.* at ¶¶ 4-5.

[6]     *Id.* at *passim*.

[7]     Dkt. 2 at ¶ 10; Dkt. 2-1 at ¶¶ 1 and 16-18.

[8]     Dkt. 2 at ¶ 10; Dkt. 2-1 at ¶¶ 24-34.

[9]     Dkt. 2 at ¶ 12; Dkt. 2-2.

which seeks to have certain actions of TDW's Board of Directors declared null and void *ab initio*.[10]   TDW was not a party to the Amended Petition.

4.    The Underlying Lawsuit is ongoing.[11]

***The Policy***

5.    Federal issued ForeFront Portfolio 3.0 policy number 8103-4400 to TDW for the period of September 20, 2015 to September 20, 2016.[12]   (the "Policy").   The Policy's D&O coverage part provides, among other things, individual indemnified liability coverage under Insuring Clause (B) of the Directors & Officers and Entity Liability Coverage Part (the "D&O Coverage Part").[13]

6.    The Policy is subject to a $10,000,000 limit of liability.[14] Individual indemnified liability coverage under Insuring Clause (B) is subject to a $100,000 retention.[15]

7.    Insuring Clause (B) of the D&O Coverage Part requires Federal to "pay, on behalf of an Organization, Loss on account of a Claim first made against an Insured Person during the Policy Period . . . to the extent the

---

[10]    Dkt. 2 at ¶ 13; Dkt. 2-2 at ¶ 2.

[11]    Dkt. 2 at ¶ 17.

[12]    Dkt. 2 at ¶ 19; Dkt. 2-5 through 2-10.

[13]    Dkt. 2 at ¶¶ 21-22; Dkt. 2-5 at p. 27.

[14]    Dkt. 2 at ¶ 19; Dkt. 2-5 at p. 26.

[15]    Dkt. 2-5 at p. 26.

Organization indemnifies the Insured Person for such Loss as permitted or required by law."[16]

8.    Section VIII(A) of the D&O Coverage Part gives Federal "the right and duty to defend any Claim covered by this Policy Part."[17]

9.    Section IV of the D&O Coverage Part defines covered "Loss" to include (i) compensatory damages; (ii) punitive, exemplary or multiplied damages (subject to certain limitations); (iii) judgments, including pre-judgment and post-judgment interest; (iv) settlements; and (v) "Defense Costs."[18]

**_The Policy's IVI Exclusion_**

10.    The Policy's "Insured versus Insured" exclusion ("IVI Exclusion"), which is at the heart of the controversy before the Court, appears at Section V(A)(6) of the D&O Coverage Part, and states that:

> [Federal] shall not be liable for Loss on account of any Claim:
>
> ***
>
> (6)    <u>Insured versus Insured</u>
>
> ***
>
> (c)    **_brought by an Insured Person in any capacity against an Insured_**, except with respect to a Claim:
>
> (i)    for employment-related Wrongful Acts

---

[16]    Dkt. 2 at ¶ 22; Dkt. 2-5 at p. 27 (emphasis omitted).

[17]    Dkt. 2 at ¶ 23; Dkt. 2-6 at p. 5 (emphasis omitted).

[18]    Dkt. 2 at ¶ 24; Dkt. 2-5 at p. 30 (emphasis omitted).

        against an Insured Person;

(ii)      brought by an Employee, other than an Executive, in his or her capacity as a shareholder of an Organization;

(iii)     for contribution or indemnity arising from another Claim otherwise covered under this Policy;

(iv)     brought by an Executive who has ceased serving in his or her capacity as an Executive for at least one (1) year; or

(v)      brought by a whistleblower pursuant to any federal, state, local or foreign law against an Insured Person[.][19]

11.    TDW wants the Court to ignore the quoted language in favor of an entirely separate (in its operation) section of the exclusion for claims "brought by an Organization against an Insured Person," which has a "securityholder derivative action" exception, but the Court should decline this request for reasons set out below.

***Federal's Denials of Coverage***

12.    As acknowledged by TDW, Federal first denied coverage based on the IVI Exclusion on October 5, 2016.[20] Federal reiterated the denial on March 22, 2019[21] and August 17, 2020.[22]

---

[19]    Dkt. 2 at ¶ 26; Dkt. 2-6 at p. 2 (emphasis added).

[20]    Dkt. 2 at ¶¶ 28-29; Dkt. 2-11.

[21]    Dkt. 2 at ¶ 34; Dkt. 2-14.

[22]    Dkt. 2 at ¶ 34; Dkt. 2-15.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] A fact is "material" if it "might affect the outcome of the suit under the governing law."[24] A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[25] "Factual disputes that are irrelevant or unnecessary will not be counted."[26] Further, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[27] However, "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[28]

---

[23]   *Smith v. American Nat'l Prop. and Cas. Co.*, No. 20-CV-00115-GKF-CDL, 2020 WL 7635436, at *9 (N.D. Okla. Dec. 22, 2020) (Frizzell, J.) (quoting FED. R. CIV. P. 56(a)).

[24]   *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[25]   *Id*. (quoting *Anderson*, 477 U.S. at 248).

[26]   *Id*. (quoting *Anderson*, 477 U.S. at 248).

[27]   *Id*. (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986)).

[28]   *Id*. (quoting *Anderson*, 477 U.S. at 249).

A court must examine the factual record in the light most favorable to the party opposing summary judgment.[29] Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[30]

## ARGUMENT & AUTHORITIES

### A.    The IVI Exclusion bars coverage for all claims brought by Richard Williamson against the other directors of TDW.

The IVI Exclusion bars coverage for all claims in the Underlying Lawsuit. As a director of TDW, Richard Williamson is an "Insured Person" under the policy.[31] The Petition alleges that each of the Director Defendants is also a director of TDW, so the Director Defendants are also "Insureds" on the policy.[32]

Because the only claims in the underlying lawsuit are asserted by Richard Williamson (an "Insured Person") against the Director Defendants (each of whom is an "Insured"), the IVI exclusion precludes coverage for all

---

[29]    *Id.* (citing *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995)).

[30]    *Id.* (quoting *Wolf*, 50 F.3d at 796 and FED. R. CIV. P. 56(c)).

[31]    *Cf.* Dkt. 2-5 at p. 29 (policy's "insured person" definition) *with* Dkt. 2-1 at ¶ 2.

[32]    *Cf.* Dkt. 2-5 at p. 29 (same definition) *with* Dkt. 2-1 at ¶¶ 3-10.

claims in this matter.[33]

## B. The IVI exclusion is not subject to an exception for shareholder derivative actions.

TDW's complaint discusses at length some orders from the court in the Underlying Lawsuit addressing whether Richard Williamson's claims are properly characterized as direct or derivative.[34] The complaint notes that one order states that Mr. Williamson's claim "is rooted in derivative relief,"[35] while another order states that the case raises "questions applicable to all shareholders as derivative claims."[36]

Neither the characterization of Mr. Williamson's claims as direct or derivative, nor the nature of the relief sought, is relevant to application of the

---

[33]   *See Vulcan Eng'g Co. v. XL Ins. Am., Inc.*, 201 Fed. Appx. 678, 680 (11th Cir. 2006) (finding that insured vs. insured exclusion barred coverage for claim filed by insured person, stating, "Here, [plaintiff] filed a direct action. It may be that any injuries allegedly caused by the [insured corporation's directors] are derivative in nature. In that case, damages can only be recovered by a plaintiff with standing to bring a suit on behalf of [the insured corporation]. But [plaintiff] did not bring that suit. He brought a direct suit in his own name. Because his lawsuit was not 'brought on behalf of, or in the name or right of, the Insured Organization,' it is not a 'Securityholder Derivative Action'…"); *see also Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914 (N.D. Tex. 2009) (insured vs. insured exclusion barred coverage for claims made against insured by, or on behalf of, or in the right of, insured entity, or by any officers or directors, given that claims were brought against insureds, on behalf of insured company by plaintiff who also was insured under policy); *Julio & Sons Co. v. Travelers Cas. & Sur. Co. of Am.*, 684 F.Supp.2d 330 (S.D.N.Y. 2010) (exception to insured vs. insured exclusion was inapplicable to derivative action brought by shareholders, who were themselves insureds under the policy).

[34]   Dkt. 2 at ¶¶ 15-16 and 30-31.

[35]   *Id.* at ¶ 15.

[36]   *Id.* at ¶ 16.

IVI exclusion. Though the Complaint asserts repeatedly that Mr. Williamson pleads his claims "as derivative claims,"[37] it does not explain the relevance of this characterization to coverage under the Policy. The plain language of the IVI exclusion applies based on the *identity of the claimant and the parties against whom the claims are asserted*. There is no language in these provisions to support TDW's apparent contention that a claim by an "Insured Person" against other "Insureds" is exempt from the exclusion to the extent it is characterized as derivative.[38]

TDW's complaint references the Policy's "specific carve-out for Claims brought 'as a securityholder derivative action."[39] However, this "carve-out" provides an exception only to paragraph (A)(6)(b) of the IVI exclusion.[40] That paragraph applies to a claim "brought by an **Organization** against an **Insured Person**."[41] The Policy defines an "Organization" to mean "the **Parent Organization** and any **Subsidiary**."[42] The parent organization is

---

[37]    *Id*. at ¶¶ 11, 14, 16

[38]    *See, e.g., Pitco Prod. Co. v. Chaparral Energy, Inc.*, 63 P.3d 541, 546 (Okla. 2003); *Turley*, 928 P.2d at 302 (Okla. 1996); *MJH Properties*, 2020 WL 3068228, at *2.

[39]    Dkt. 2 at ¶ 31.

[40]    Dkt. 2-6 at p. 2.

[41]    *Id*.

[42]    Dkt. 2-5 at p. 12.

TDW.[43] There are no claims in the Underlying Lawsuit "brought by" TDW, nor any subsidiary of TDW.[44] Paragraph (A)(6)(b) of the IVI exclusion is therefore inapplicable. Consequently, an exception to that exclusion cannot operate to restore coverage for the claims, which are excluded by a separate provision of the Policy.[45]

## CONCLUSION AND PRAYER

For the foregoing reasons, Federal respectfully requests that this Court enter an Order granting summary judgment in its favor on all of TDW's claims in accordance with Federal Rule of Civil Procedure 56.

Dated: January 13, 2021                    Respectfully submitted,

STINER LAW FIRM, PLLC

*/s John D. Stiner*
JOHN D. STINER, ESQ.
Oklahoma Bar No. 18148
STINER LAW FIRM, PLLC
119 N. Robinson, Suite 630
Oklahoma City, OK 73102
Tel: (405) 602-1591
Fax: (405) 602-1754
john@stinerlaw.com

-and-

---

[43] *Id.* at p. 10.

[44] Dkt. 2-1 at *passim*; Dkt. 2-2 at *passim*.

[45] *See* exclusion (A)(6)(c) of the Policy's D&O coverage part Dkt. 2-6 at p. 2.

*s/ Joseph A. Ziemianski*
Joseph A. Ziemianski
Texas Bar No. 00797732 (admitted *PHV*)
Bryan P. Vezey
Texas Bar No. 00788583 (admitted *PHV*)
COZEN O'CONNOR
1221 McKinney, Suite 2900
Houston, Texas 77009
Telephone:  (832) 214-3900
Telecopier:  (832) 214-3905
jziemianski@cozen.com
bvezey@cozen.com

**ATTORNEYS FOR DEFENDANT**
**FEDERAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Christopher B. Woods

I further certify that on January 13, 2021, the attached document was mailed, via first-class mail, with postage prepaid thereon to the following, who is not registered to file electronically via the court's ECF system:

Stephen T. Raptis
Haynes & Boone, LLP
800 17th St., NW, Suite 500
Washington DC 20006-3926

*s/ John D. Stiner*