IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

T.D. WILLIAMSON, INC.,

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

    Defendant.

Case No. 20-CV-571-GKF-JFJ

**OPINION AND ORDER**

Before the court are defendant Federal Insurance Company's Motion for Summary Judgment [Doc. 21] and plaintiff T.D. Williamson, Inc.'s Motion for Partial Summary Judgment [Doc. 22]. For the reasons set forth below, Federal's Motion for Summary Judgment [Doc. 21] is granted and TDW's Motion for Partial Summary Judgment [Doc. 22] is denied.

**I. Background**

This is an insurance coverage dispute. TDW alleges that its insurance company, Federal, has wrongfully refused to (1) pay the costs of defending certain members of TDW's board of directors against a lawsuit pending against them in state court; and (2) indemnify them and/or TDW for the monetary amounts of any settlements or judgments that may ultimately arise from the underlying lawsuit. TDW seeks a Declaratory Judgment (Count I) and asserts a claim for Breach of Contract (Count II).

Federal seeks summary judgment on both claims, arguing it properly denied coverage based on the policy's "Insured versus Insured" or "IVI" exclusion. TDW seeks partial summary judgment, asking the court to rule that the "Insured versus Insured" exclusion does not preclude Federal's duty to defend TDW's directors against the underlying lawsuit.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

A court must examine the factual record in the light most favorable to the party opposing summary judgment. *Wolf v. Prudential Ins. Co. of Am.*, 50 F.3d 793, 796 (10th Cir. 1995). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.*

## III. Undisputed Material Facts

On September 6, 2016, Richard Williamson, then a director of TDW, initiated a lawsuit in the District Court for Tulsa County, Oklahoma, Case No. CJ-2016-03196. He named eight defendants, all of whom were also directors of TDW (collectively, the Defendant Directors). Williamson alleged that the Defendant Directors conspired to deprive him of his controlling interest in TDW. He asserted claims for breach of fiduciary duty and duty of loyalty (Count I), declaratory judgment (Count II), and preliminary and permanent injunctive relief (Count III). Williamson alleged that "his claims . . . are direct, not derivative, but in the alternative, and without waiver of his position that the claims are direct, he also pleads them alternatively as derivative

claims." [Doc. 22-1, p. 1 n. 1]. On May 11, 2017, Williamson filed a First Amended Petition, adding an additional Defendant Director and an additional claim for declaratory relief which seeks to have certain actions of TDW's Board of Directors declared null and void *ab initio*. The underlying lawsuit is ongoing.

Federal issued an insurance policy to TDW for the period of September 20, 2015 to September 20, 2016. The policy provides directors and officers liability (D&O) coverage pursuant to a Directors & Officers and Entity Liability Coverage Part (the D&O Coverage Part). Per the D&O Coverage Part's insuring clauses, Federal agreed to "pay, on behalf of an **Organization**, **Loss** on account of a **Claim** first made against an **Insured Person** during the **Policy Period** . . . to the extent the **Organization** indemnifies the **Insured Person** for such **Loss** as permitted or required by law." [Doc. 22-6, p. 27, § I.(B) (emphasis original)]. Federal further undertook "the right and duty to defend any **Claim** covered by this Coverage Part." [Doc. 22-7, p. 5, § VIII.(A) (emphasis original)].

The Defendant Directors are "Insured Persons" and the Defendant Directors and TDW are "Insureds" as defined by the policy. [Doc. 22-6, p. 29, § IV.]. "**Loss**" includes "**Defense Costs**" incurred in connection with a covered "**Claim**." [*Id.*, p. 30, § IV. (emphasis original)]. Where Defense Costs are incurred in connection with a Claim that "includes both covered and uncovered matters," then "one hundred percent (100%) of **Defense Costs** incurred . . . on account of such **Claim** shall be covered **Loss**." [Doc. 22-7, p. 6, Section IX.(A) (emphasis original)].

The policy contains an IVI Exclusion. It provides that Federal "shall not be liable for **Loss** on account of any **Claim**:

\* \* \*

    (6)    Insured versus Insured

        (a) brought by an **Organization** against any other **Organization**;

3

    (b) brought by an **Organization** against an **Insured Person** of such **Organization**, provided that this Subparagraph (b) shall not apply to any **Claim** brought:

        (i) outside the United States of America or Canada;

        (ii) in the event of **Financial Impairment** of the **Organization**; or

        (iii) as a securityholder derivative action;

    (c) brought by an **Insured Person** in any capacity against an **Insured**, except with respect to a **Claim**:

        (i) for employment-related **Wrongful Acts** against an **Insured Person**;

        (ii) brought by an **Employee**, other than an **Executive**, in his or her capacity as a securityholder of an **Organization**;

        (iii) for contribution or indemnity arising from another **Claim** otherwise covered under this Policy;

        (iv) brought by an **Executive** who has ceased serving in his or her capacity as an **Executive** for at least one (1) year; or

        (v) brought by a whistleblower pursuant to any federal, state, local or foreign law against an **Insured Person**[.]

[Doc. 22-7, p. 2, § V.(A) (emphasis original)].

      TDW tendered the underlying lawsuit to Federal for coverage, including defense and indemnity. Federal disclaimed coverage based on the IVI Exclusion, relying exclusively on subsection (c).

## IV. Analysis

      Both parties apply Oklahoma law. "In Oklahoma, interpretation of an insurance contract is a matter of law." *Boggs v. Great Northern Ins. Co.*, 659 F. Supp. 2d 1199, 1204 (N.D. Okla. 2009) (citing *Max True Plastering Co. v. U.S. Fidelity and Guar. Co.*, 912 P.2d 861, 869 (Okla. 1996)). "The insured has the burden of showing that its claim is covered under the policy. Once the insured

establishes coverage, the insurer has the burden of showing that a loss falls within an exclusionary clause of the policy." *Id.* at 1204 (internal citations and internal quotation marks omitted).

Oklahoma's general principles of contract interpretation govern the construction of an insurance policy. *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla. 1991). The terms of a contract are construed according to their plain meaning and any ambiguities will be "construed liberally in favor of an insured and strictly against the insurer." *Cont'l Cas. Co. v. Beaty*, 455 P.2d 684, 688 (Okla. 1969). However, courts should not create an ambiguity in the policy by "using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on a provision." *Wynn v. Avemco Ins. Co.*, 963 P.2d 572, 575 (Okla. 1998). A policy term will be considered ambiguous only if it is susceptible to more than one reasonable interpretation. *Max True*, 912 P.2d at 869. Oklahoma courts "will not impose coverage where the policy language clearly does not intend that a particular individual or risk should be covered," and neither a "split in authority over whether a certain term is ambiguous," nor "the fact that the parties disagree" alone is sufficient to establish an ambiguity. *BP America, Inc. v. State Auto Prop. & Cas. Ins. Co.*, 148 P.3d 832, 835-36 (Okla. 2005). "When policy provisions are unambiguous and clear, the employed language is accorded its ordinary, plain meaning; and the contract is enforced carrying out the parties' intentions." *Id.* at 835.

"The general declaration of insurance coverage, as established by the insurance policy and limited by its provisions, normally determines the insurance carrier's liability, and the insured's respective rights under the contract by identifying what risks are covered and excluded by the policy." *Boggs*, 659 F. Supp. 2d at 1205 (quoting *Dodson*, 812 P.2d at 377). Further, any exclusions to general coverage:

> are read seriatim; each exclusion eliminates coverage and operates independently against the general declaration of insurance coverage

> and all prior exclusions by specifying other occurrences not covered by the policy. Thus, subsequent exclusions can further limit or even remove a covered risk from the general declaration of insurance coverage. In case of doubt, exclusions exempting certain specified risks are construed strictly against the insurer.

*Dodson*, 812 P.2d at 377.

Moreover, under Oklahoma law, "[t]he duty to defend is separate from, and broader than, the duty to indemnify, but the insurer's obligation is not unlimited. The defense duty is measured by the nature and kinds of risks covered by the policy as well as by the reasonable expectations of the insured." *First Bank of Turley v. Fid. & Deposit Ins. Co. of Md.*, 928 P.2d 298, 303 (Okla. 1996). The duty to defend is triggered whenever the insurer "ascertains the presence of facts that give rise to *the potential of liability* under the policy." *Id.* (emphasis in original). This determination is made by looking to information "gleaned from the petition (and other pleadings), from the insured and from other sources available to the insurer at the time the defense is demanded." *Id.* at 303-04 (emphasis omitted).

### A. General Coverage

TDW contends that Federal must defend the Defendant Directors against the underlying lawsuit unless an exclusion applies. TDW does not disagree. [*See* Answer, Doc. 17, pp. 1-2, ¶ 2].

The D&O Coverage Part's Insuring Clause (B) provides that Federal "shall pay . . . **Loss** on account of a **Claim** first made against an **Insured Person** during the **Policy Period** . . . to the extent [TDW] indemnifies the **Insured Person** for such **Loss** as permitted or required by law. [Doc. 22-6, p. 27, § I.(B)].

"**Loss** means the amount which an **Insured** becomes legally obligated to pay as a result of any **Claim**" and includes "**Defense Costs**." [*Id.*, p. 30, § IV.]. "**Claim** means . . . [any] civil proceeding commenced by the service of a complaint or similar pleading." [*Id.*, p. 28 § IV.]. The underlying lawsuit—a "civil proceeding commenced by the service of a complaint or similar

pleading"—is a Claim. [*See* Doc. 22-1]. "**Insured Person** means any **Executive** or **Employee** of an **Organization** acting either in his or her capacity as such or in an **Outside Capacity**." [Doc. 22-6, p. 29, § IV.]. And the term "**Insured** means any **Organization** and any **Insured Person**." [*Id.*]. The parties do not dispute that the Defendant Directors are Insured Persons.

Accordingly, TDW has shown that Federal has agreed to pay Loss—including Defense Costs—on account of the underlying lawsuit to the extent TDW indemnifies the Defendant Directors for such Defense Costs as permitted or required by law. For purposes of summary judgment, it is undisputed that TDW has indemnified the Defendant Directors for their Defense Costs incurred in defending against the underlying lawsuit.[1] TDW has met its burden to show that its claim for the Defendant Directors' Defense Costs is covered by the policy. *See Boggs*, 659 F. Supp. 2d at 1204.

B.  The IVI Exclusion

The burden shifts to Federal to show an exclusion applies. Subsection (c) of the IVI Exclusion precludes coverage for Claims "brought by an Insured Person in any capacity against an Insured." [Doc. 22-7, p. 2, § V.(A)(6)]. Federal's argument is simple: because Mr. Williamson, an Insured Person, brought the underlying lawsuit against the Defendant Directors, Insureds, the exclusion applies.[2]

---

[1] Federal Rule of Civil Procedure 56(c) requires a party to support a fact by citing to particular parts of materials in the record, including affidavits. TDW has supported this fact with the affidavit of Adam Tyler, TDW's Senior Legal Counsel and Global Compliance Director. [Doc. 22-5]. Federal states that it "lacks knowledge or information sufficient to form a belief about the truth of [these] allegations." [Doc. 24, p. 15, ¶ 7]. The court will consider this fact undisputed for purposes of summary judgment. *See* Fed. R. Civ. P. 56(e)(2).

[2] Neither party argues Mr. Williamson is not an Insured Person. An "Insured Person means any Executive or Employee" and "Executive" includes "a duly elected or appointed director [or] officer." [Doc. 22-6, p. 29, § IV.]. In the underlying lawsuit, Mr. Williamson alleged he "is a director of TDW." [Doc. 22-1, p. 2, ¶ 2]. Accordingly, he is an "Executive" and an "Insured Person."

TDW disagrees. In TDW's view, because Mr. Williamson pleaded his claims "alternatively as derivative claims," those claims were "brought by an Organization," not an "Insured Person" and the IVI Exclusion's subsection (c) does not apply. Instead, subsection (b) applies, which exempts "a securityholder derivative action" from the IVI Exclusion. In support, TDW raises three arguments.

*First*, TDW points to principles of Oklahoma corporate law holding the "real plaintiff" in a securityholder derivative action is the corporation, not the nominal securityholder plaintiff. *See, e.g. Orr v. Edens*, 861 P.2d 331, 332 (Okla. Civ. App. 1993). Accordingly, a derivative action cannot be "brought by" anyone but the Organization, TDW. Federal's argument otherwise—that the underlying lawsuit is "brought by" Williamson—is, according to TDW, a "hyper-technical interpretation of the 'brought by' language in subsection (b) [which] disregards this core principle of Oklahoma law—*i.e.* that regardless of whether TDW is a named plaintiff in the Lawsuit, TDW is the only party with any legal interest in the Derivative Claims and is the only 'real plaintiff.'" [Doc. 22, p. 21].

*Second*, TDW argues that, by structuring the carve-out for securityholder derivative actions as a subset of Claims "brought by an Organization" in subsection (b), Federal concedes that a securityholder derivative action is "brought by an Organization" and not a nominal "Insured Person."

*Third*, in TDW's view, to reason otherwise would render the "securityholder derivative action" carve-out superfluous because the organization is not the nominal plaintiff in a derivative action. TDW reasons "the only way for the subsection (b) carve-out to have any meaning is to recognize that a 'securityholder derivative action' is 'brought by' the corporation." [Doc. 22, pp. 22-23].

TDW also argues Oklahoma rules of insurance policy interpretation negate Federal's interpretation of the IVI Exclusion. First, Oklahoma law precludes any interpretation of insurance policy language that would yield absurd or nonsensical results. Second, the IVI Exclusion must be construed liberally in favor of coverage. And third, TDW's reasonable expectations of coverage must be honored with respect to ambiguous, technical, or otherwise obscure policy language.

Federal responds that its application of subsection (c) is appropriate. Federal argues that "exclusions are read seriatim; each exclusion eliminates coverage and operates independently against the general declaration of insurance coverage and all prior exclusions by specifying other occurrences not covered by the policy." [Doc. 24, pp. 4-5 (quoting *Dodson*, 812 P.2d at 377)]. According to Federal, because subsection (c) eliminates coverage, there is no need to consider subsection (b). And such a reading does not produce absurd results nor render subsection (b)(iii) superfluous because a non-Insured Person can bring a derivative suit.

Essentially, the parties dispute whether the policy provides coverage for all securityholder derivative suits (TDW's view) or only those brought by non-Insureds (Federal's view).[3] The IVI Exclusion precludes coverage for a Claim "brought by an Insured Person in any capacity against an Insured." This language is unambiguous and clear. According its ordinary, plain meaning, there is no coverage for Claims brought by an Insured Person (Mr. Williamson) *in any capacity* against Insureds, including in his capacity as a securityholder.[4] The exception for securityholder derivative

---

[3] Subsection (c) includes an exemption for a Claim "brought by an **Employee**, other than an **Executive**, in his or her capacity as a shareholder of an **Organization**." Mr. Williamson is an Executive, so this exemption would not apply; but it illustrates that not all shareholder or securityholder derivative suits are "brought by an Organization."

[4] Because there is no coverage for the underlying lawsuit, the court need not address Federal's alternative argument that Williamson has not pled a securityholder derivative action.

actions in subsection (b) is inapplicable, and the exclusion in subsection (c) precludes coverage for the underlying lawsuit.

TDW asks the court to disregard this plain language and find an ambiguity in the policy by narrowly focusing on subsection (b), something a court should not do. *See Wynn*, 963 P.2d at 575 (courts should not create an ambiguity in the policy by "using a forced or strained construction, by taking a provision out of context, or by narrowly focusing on a provision"). Subsection (b) operates independently of subsection (c) and ensures coverage for securityholder derivative actions, even to the extent those Claims are "brought by an Organization." Subsection (c) separately eliminates coverage for Claims "brought by an Insured Person in any capacity against an Insured." This permissibly includes a securityholder derivative action brought by an Insured Person because "subsequent exclusions can further limit or even remove" Claims from coverage." *Boggs*, 659 F. Supp. 2d at 1205.

This case represents the prototypical purpose of IVI Exclusions to preclude D&O coverage for "suits arising out of those particularly bitter disputes that erupt when members of a corporate, as of a personal, family have a failing out and fall to quarreling." *Level 3 Communications, Inc. v. Federal Ins. Co.*, 168 F.3d 956, 958 (7th Cir. 1999). The policy excludes coverage for Claims "brought by an Insured Person," Williamson, "in any capacity against an Insured," the Defendant Directors. As a result, the underlying lawsuit does not potentially fall within the policy's coverage and Federal has no duty to defend or indemnify TDW for its related costs as a matter of law.

## V. Conclusion

WHEREFORE, Federal's Motion for Summary Judgment [Doc. 21] is granted and TDW's Motion for Partial Summary Judgment [Doc. 22] is denied.

IT IS SO ORDERED this 25th day of May, 2021.

_____
GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE